J-S13013-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT OP 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
                                      :         PENNSYLVANIA
                                        :
            v.                             :
                                        :
                                        :
NAZARIO BURGOS                  :
                                        :
            Appellant           :    No. 1213 EDA 2022

Appeal from the PCRA Order Entered April 29, 2022
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0507951-1995

BEFORE: NICHOLS, J., MURRAY, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY NICHOLS, J.:           **FILED SEPTEMBER 25, 2023**

Appellant Nazario Burgos appeals from the order dismissing his untimely fourth Post-Conviction Relief Act[1] (PCRA) petition without a hearing. Appellant argues that the PCRA court erred in concluding that he failed to meet a timeliness exception to the PCRA time bar and denying relief on his after-discovered evidence claims. We affirm.

The underlying facts of this matter are well known to the parties. **See Commonwealth v. Burgos**, 2916 EDA 2013 (Pa. Super. filed June 19, 2014) (unpublished mem.), *appeal denied*, 2916 EDA 2013 (Pa. filed Dec. 30, 2014). Briefly, Appellant was convicted of first-degree murder and related offenses in 1996. On May 20, 1996, the trial court sentenced Appellant to serve a term

---

[*] Former Justice specially assigned to the Superior Court.

[1] 42 Pa.C.S. §§ 9541-9546.

of life in prison. Appellant subsequently filed multiple PCRA petitions, all of which were ultimately denied.

On February 22, 2021, Appellant filed the instant *pro se* PCRA petition, his fourth. Among other things, Appellant argued that he was entitled to *nunc pro tunc* relief because both this Court and the PCRA court failed to address an after-discovered evidence claim that Appellant raised in connection with his 2014 PCRA petition. *Pro Se* PCRA Pet., 2/22/21, at 4-6. Appellant subsequently filed several amended petitions. In relevant part, Appellant claimed that he met the newly-discovered fact exception to the PCRA time bar based on a 2021 news article detailing perjury charges against two of the detectives who investigated Appellant's case. Second Am. PCRA Pet., 8/20/21, at 1. He also argued that the Commonwealth had failed to disclose the allegations of police misconduct and also "unlawfully suppressed fingerprint evidence, thereby [] depriving [him] of favorable evidence" he could have used at trial. Mem. of Law in Support of New Facts Claim, 12/29/21, at 4.

On December 8, 2021, the PCRA court issued a Pa.R.Crim.P. 907 notice of intent to dismiss Appellant's petition without a hearing. Appellant filed a response arguing that he was entitled to relief because the Commonwealth had failed to disclose that there were allegations of misconduct against Detective Frank Jastrzembski and Detective Manuel Santiago. On March 3, 2022, the PCRA court issued a second Pa.R.Crim.P. 907 notice of intent to

dismiss Appellant's petition without a hearing. After Appellant filed a response, the PCRA court issued an order dismissing Appellant's petition.

Appellant filed a timely notice of appeal. The PCRA court issued a Pa.R.A.P. 1925(a) opinion addressing Appellant's PCRA claims.

On appeal, Appellant raises three issues, which we have reordered as follows:

1. The [PCRA] court erred in dismissing [Appellant's] claims pertaining to newly discovered evidence about detectives Santiago and Jastrzembski as well as the expert report pertaining to corrupt practices in Philadelphia.

2. The [PCRA] court erred in dismissing [Appellant's] petition with respect to the fingerprint evidence.

3. The PCRA court erred in dismissing [Appellant's] petition for [PCRA] relief as to Ricky Leake and Camilo Gonzalez.

Appellant's Brief at 15-29.[2]

**Newly-Discovered Fact Exception – Police Misconduct**

In his first claim, Appellant argues that the PCRA court erred in concluding that he failed to establish the newly-discovered fact exception to the PCRA time bar. *Id.* at 22. Specifically, Appellant refers to information concerning the August 13, 2021 arrest of Detectives Frank Jastrzembski and

_____

[2] We note that Appellant initially filed a *pro se* notice of appeal and a *pro se* brief. However, while this appeal was pending, Appellant subsequently retained counsel, who filed a simultaneously filed an "Application to File Amended Brief" and an amended brief on Appellant's behalf. On December 28, 2022, this Court issued an order striking Appellant's *pro se* brief and accepting counsel's amended brief as timely filed. Therefore, we address the issues raised in counsel's amended brief.

Manuel Santiago, two officers who were involved in the investigation of Appellant's case. *Id.* Appellant also refers to a 2019 report from a consulting criminologist regarding "corrupt practices of the Philadelphia Police Department[,]" argues that it is evidence of a "pattern and practice of corruption, illegality, fabrication and falsification of evidence and other abuses perpetrated by the Philadelphia police since the 1970s" and asserts that the "report could have assisted in [Appellant's] defense." *Id.* at 23. Appellant explains that he "could not have known about this when he was defending his case, nor could due diligence have revealed this information to him." *Id.*

In reviewing an order denying a PCRA petition, our standard of review is well settled:

> [O]ur standard of review from the denial of a PCRA petition is limited to examining whether the PCRA court's determination is supported by the evidence of record and whether it is free of legal error. The PCRA court's credibility determinations, when supported by the record, are binding on this Court; however, we apply a *de novo* standard of review to the PCRA court's legal conclusions.

*Commonwealth v. Sandusky*, 203 A.3d 1033, 1043 (Pa. Super. 2019) (citations omitted and formatting altered).

The timeliness of a PCRA petition is a threshold jurisdictional question. *See Commonwealth v. Miller*, 102 A.3d 988, 992 (Pa. Super. 2014); *see also Commonwealth v. Ballance*, 203 A.3d 1027, 1031 (Pa. Super. 2019) (stating that "no court has jurisdiction to hear an untimely PCRA petition"). "A PCRA petition, including a second or subsequent one, must be filed within

- 4 -

J-S13013-23

one year of the date the petitioner's judgment of sentence became final, unless he pleads and proves one of the three exceptions outlined in 42 Pa.C.S. § 9545(b)(1)." ***Commonwealth v. Jones***, 54 A.3d 14, 16 (Pa. 2012) (citation and footnote omitted). A judgment of sentence becomes final at the conclusion of direct review, or at the expiration of time for seeking such review. ***See id.*** at 17.

Courts may consider a PCRA petition filed more than one year after a judgment of sentence becomes final if the petitioner pleads and proves one of the following three statutory exceptions:

> (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

> (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

> (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S. § 9545(b)(1)(i)-(iii). A petitioner asserting one of these exceptions must file a petition within one year of the date the claim could have first been presented. ***See*** 42 Pa.C.S. § 9545(b)(2).[3] It is the petitioner's "burden to

---

[3] On October 24, 2018, the General Assembly amended Section 9545(b)(2) and extended the time for filing a petition from sixty days to one year from the date the claim could have been presented. ***See*** 2018 Pa.Legis.Serv.Act 2018-146 (S.B. 915), effective December 24, 2018. The amendment applies
*(Footnote Continued Next Page)*

- 5 -

allege and prove that one of the timeliness exceptions applies." ***Commonwealth v. Albrecht***, 994 A.2d 1091, 1094 (Pa. 2010) (citations omitted and some formatting altered).

To establish the newly-discovered fact exception to the PCRA time bar, a petitioner must demonstrate that he did not know the facts upon which he based his petition and could not have learned those facts earlier by the exercise of due diligence. ***Commonwealth v. Brown***, 111 A.3d 171, 176 (Pa. Super. 2015) (citations omitted). Due diligence requires that the petitioner take reasonable steps to protect his own interests. ***Id.*** A petitioner must explain why he could not have learned these "new facts" earlier with the exercise of due diligence. ***Id.*** The focus of this exception is on newly discovered facts, not on a newly discovered or newly willing source for previously known facts. ***See Commonwealth v. Lopez***, 249 A.3d 993, 1000 (Pa. 2021). Further, the newly-discovered fact exception at Section 9545(b)(1)(ii) does not require any merits analysis of the underlying after-discovered evidence claim. ***Commonwealth v. Small***, 238 A.3d 1267, 1286 (Pa. 2020) (citation omitted).

Our Supreme Court has repeatedly stated that "the newly-discovered facts exception to the time limitations of the PCRA, as set forth in [Section] 9545(b)(1)(ii), is distinct from the after-discovered evidence basis for relief

only to claims arising one year before the effective date of this section, December 24, 2017, or thereafter.

delineated in 42 Pa.C.S. § 9543(a)(2)." ***Commonwealth v. Burton***, 158 A.3d 618, 629 (Pa. 2017). For purposes of the timeliness exception, "the majority of our Supreme Court believes that while we need not find a 'direct connection' between the newly-discovered facts and the claims asserted by a petitioner, the statutory language requires there be some relationship between the two." ***Commonwealth v. Shannon***, 184 A.3d 1010, 1017 (Pa. Super. 2018) (citation omitted).

Here, the PCRA court addressed Appellant's newly-discovered fact claim as follows:

> [Appellant] attempts to satisfy the newly discovered fact exception by claiming that two law enforcement officers engaged in a pattern of corrupt practices which led to his conviction. In support of that claim, [Appellant] attached a news article primarily outlining charges filed against three police officers regarding police misconduct in unrelated cases. [Appellant] also submits an expert report on the Philadelphia Police Department for an unrelated civil case.

> At the outset, our Supreme Court, in ***Commonwealth v. Castro***, 93 A.3d 818 (Pa. 2014), held that while a newspaper article may contain allegations that suggest exculpatory evidence may exist, "allegations in the media, whether true or false, are no more evidence than allegations in any other out-of-court situation." ***Castro***, 93 A.3d at 825. The news article did not substantiate any specific act of misconduct in [Appellant's] case. While the report may suggest a pattern of corrupt practices, it does not substantiate specific practices or incidences of misconduct that that led to [Appellant's] conviction.

> Therefore, [Appellant] has failed to successfully invoke an exception, and the order dismissing his petition should be affirmed.

PCRA Ct. Op. at 3-4 (unpaginated) (footnotes omitted).

- 7 -

Following our review of the record, we conclude that Appellant failed to establish the newly-discovered fact exception.[4]  *See Sandusky*, 203 A.3d at 1043.  As noted previously, although the timeliness exception at Section 9545(b)(1)(ii) does not require a "'direct connection' between the newly-discovered facts and the claims asserted by a petitioner," there must be "some relationship between the two."  *See Shannon*, 184 A.3d at 1017.  Here, Appellant did not explain how the "new facts" — *i.e.* the "pattern of corruption" alleged in the expert report or the 2021 perjury charges against detectives Frank Jastrzembski and Manuel Santiago — were related to his case.  *See id.*  Therefore, Appellant's claim must fail.[5]

_____

[4] In reaching this conclusion, we emphasize that the newly-discovered fact timeliness exception at Section 9545(b)(1)(ii) "is distinct from the after-discovered evidence basis for relief delineated in 42 Pa.C.S. § 9543(a)(2)."  *Burton*, 158 A.3d at 629.  Although the PCRA court relied on *Castro* to conclude that Appellant failed to meet the newly-discovered fact exception, the *Castro* case addressed whether a defendant had met the four-part after-discovered evidence test in the context of a timely filed post-sentence motion for a new trial.  *Castro*, 93 A.3d at 825.  Therefore, although we agree with the PCRA court's conclusion that Appellant failed to meet the newly-discovered fact exception, we do so for different reasons.  *See Commonwealth v. Clouser*, 998 A.2d 656, 661 n.3 (Pa. Super. 2010) (reiterating that this Court may affirm a lower court's ruling on any basis).

[5] In his brief, Appellant also argues that the Commonwealth violated *Brady v. Maryland*, 373 U.S. 83 (1963) by failing to provide him with information concerning allegations of misconduct against the detectives in other unrelated cases.  Appellant's Brief at 24-27.  However, Appellant has failed to adequately demonstrate any connection between his case and the newly-discovered facts concerning misconduct by Detective Jastrzembski and Detective Santiago in unrelated cases. Likewise, Appellant has not alleged any specific misconduct by these former detectives in his case.  *See Shannon*, 184 A.3d at 1017. *(Footnote Continued Next Page)*

## Fingerprint Evidence

Appellant also argues that there is fingerprint evidence that "constitutes both after discovered evidence and a **Brady** violation." Appellant's Brief at 28. In support, Appellant claims that he attempted to discover whether fingerprint evidence existed in 1999 when he filed Right to Know request with the Pennsylvania State Police, but that his efforts were "rebuffed." **Id.** Appellant argues that he is entitled to an evidentiary hearing "to determine (1) why the evidence was suppressed and (2) whether or not it was in fact material" and also whether Appellant "acted with diligence in trying to find the evidence" and "raised the issue in a timely manner." **Id.** at 29.

The Commonwealth responds that Appellant has failed to establish the newly-discovered fact exception based on his claim regarding "unspecified fingerprint evidence." Commonwealth's Brief at 14. Further, the Commonwealth argues that even if his petition were timely, Appellant's claim "is meritless because [Appellant] has failed to substantiate his allegation that the supposedly suppressed evidence exists." **Id.** at 15.

It is well settled that a **Brady** claim may fall within the governmental interference and newly-discovered fact exceptions to the PCRA time bar. **Commonwealth v. Natividad**, 200 A.3d 11, 28 (Pa. 2019). With respect to the newly-discovered fact exception at Section 9545(b)(1)(ii), the petitioner

_____

Therefore, on this record, we conclude that Appellant is not entitled to relief on this issue.

must establish that "the facts upon which the **Brady** claim is predicated were not previously known to the petitioner and could not have been ascertained through due diligence." **Commonwealth v. Abu-Jamal**, 941 A.2d 1263, 1268 (Pa. 2008). However, the Section 9545(b)(1)(ii) newly discovered fact exception does not have the same requirements as a **Brady** claim, as it "does not require any merits analysis of the underlying claim. Rather, the exception merely requires that the 'facts' upon which such a claim is predicated must not have been known to appellant, nor could they have been ascertained by due diligence." **Id.** (citation omitted).

Here, Appellant has failed to demonstrate that he filed the instant petition within one year of discovering new "facts" concerning the existence of fingerprint evidence. **See** 42 Pa.C.S. § 9545(b)(2). Therefore, Appellant cannot establish an exception to the PCRA time bar on this basis. **See Albrecht**, 994 A.2d at 1094. Accordingly, Appellant's claim fails.

## Recantation Evidence

In his final claim, Appellant argues that he is entitled to *nunc pro tunc* relief because he previously pled and proved the newly-discovered fact claim based on letters from Shaina Tyler, a Pennsylvania Innocence Project investigator who interviewed Ricky Leake and Camilio Gonzalez, two eyewitnesses who testified at Appellant's trial. Appellant's Brief at 17-18.

The PCRA court addressed Appellant's claim as follows:

[Appellant] attempts to satisfy the newly-discovered fact exception, 42 Pa.C.S. § 9545(b)(1)(ii), by appending summaries written by Shaina Tyler, of The Pennsylvania Innocence Project,

- 10 -

of her conversations with two witnesses who testified at trial and identified [Appellant] as the shooter, Ricky Leake and Camillo Gonzalez. *See* PCRA Petition, 2/22/2021, at 21, 41-42 (unpaginated). The summaries written by Tyler indicate that both Leake and Gonzalez did not see the shooting and do not know if [Appellant] was the shooter, and as such gave false testimony at trial. *See* Amended PCRA, 9/17/2014 at 7-8; PCRA Petition 9/17/2014 at 15.

\* \* \*

[Appellant] also does not describe any efforts to reach out to the witnesses prior to 2012 and does not state why those efforts would fail. Indeed, during trial Leake was "repeatedly confronted" and "thoroughly attacked" by defense with a prior statement that he did not see who the shooter was. *See Commonwealth v. Burgos*, 2577 EDA 1999 (Pa. Super. filed Dec. 29, 2000) [(unpublished mem.]. Thus, [Appellant] had knowledge of discrepancies with Leake's testimony and a reason to contact him regarding his statement. These omissions are fatal to [Appellant's] attempt to satisfactorily invoke [the timeliness exception at 9545(b)(2)(ii)].

PCRA Ct. Op. at 1-2 (unpaginated).

Following our review of the record, we discern no error of law in the PCRA court's conclusions, which are supported by the record. *See Sandusky*, 203 A.3d at 1043. As noted previously, the focus of the newly-discovered fact exception on new facts, not on a newly discovered or newly willing source for previously known facts. *See Lopez*, 249 A.3d at 1000. Here, Appellant has failed to identify any "new" facts based on the 2012 statements by Leake and Gonzalez. Indeed, Gonzalez's 2012 statement that he "was there [at the time of the shooting] but did not see what happened," is consistent with his testimony at trial. *See Commonwealth v. Burgos*, 2577 EDA 1999 at *13 (Pa. Super. filed Dec. 29, 2000) (unpublished mem.) (reflecting Gonzalez's

statement that he was waiting for Appellant in the car when he heard gunshots and saw flashes from a gun, but was unable to see anything other than the flashes and a person's "shadow" crossing the street because he had tinted windows). Further, as noted by the PCRA court, Leake initially "claimed not to know who shot the victim," and was repeatedly confronted with that statement at trial. *See id.* at *18; *see also* PCRA Ct. Op. at 2. Therefore, Leake's 2012 statement that he did not know if Appellant was the person who shot the victim is not a new fact. For these reasons, Appellant is not entitled to relief. Accordingly, we affirm.[6,7]

_____

[6] On March 14, 2023, Appellant filed an application for relief requesting that we remand this matter for the PCRA court to address Appellant's ***Brady*** claim. On April 3, 2023, this Court filed an order deferring Appellant's application to the merits panel. In light of our disposition and conclusion that Appellant's underlying PCRA petition was untimely, the PCRA court was without jurisdiction to address Appellant's PCRA petition. *See **Ballance***, 203 A.3d at 1031 (stating "no court has jurisdiction to hear an untimely PCRA petition"). Accordingly, we DENY Appellant's application for relief.

[7] We note that in its opinion, the PCRA court concluded that Appellant failed to demonstrate that he raised his newly-discovered fact claims within the 60-day time period mandated by the former provision of Section 9545(b)(2). ***See*** PCRA Ct. Op. at 2. However, based on our review of the record, it appears that Appellant may have raised these issues within the sixty-day timeframe in 2012, but the former PCRA court and prior panel of this Court declined to address those claims. Although Appellant suggests that remand is necessary under these circumstances, ***see*** Appellant's Brief at 18-20, we disagree. Because we conclude that Appellant failed to identify a newly-discovered fact, Appellant cannot establish the newly-discovered fact timeliness exception set forth at Section 9545(b)(1)(ii). *See **Albrecht***, 994 A.2d at 1094 (stating that it is the petitioner's "burden to allege and prove that one of the timeliness exceptions applies"). Therefore, it is unnecessary for this Court to remand the matter for the PCRA court to address whether Appellant met the 60-day deadline under the former version of Section 9545(b)(2).

Order affirmed.  Application for relief denied.  Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 9/25/2023